OREGON EDUCATION ASSOCIATION et al,
*Petitioners on review,*

OREGON PUBLIC EMPLOYEES UNION,
LOCAL 503 et al,
*Petitioners (below),*

*v.*

ROBERTS et al,
*Respondents on review.*

(CA A33909; SC S32735)

721 P2d 837

Henry H. Drummonds, Portland, argued the cause for petitioners on review. On the brief were Paul B. Gamson and Kulongoski, Durham, Drummonds & Colombo, Portland.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondents on review.

JONES, J.

.

## JONES, J.

The issue in this case is whether the Secretary of State's approval of a proposed initiative measure is subject to review in the Court of Appeals pursuant to ORS 183.482 as an order in a contested case, ORS 183.310(2)(a).[1] This is a companion case to *OEA v. Roberts,* 301 Or 228, 721 P2d 833 (1986)(decided this date). Petitioners, Oregon Education Association, Oregon Public Employees Union, Sandy Ellis, Robert Cornell, D.H. Petry and Dave Grenbemer, contend that a proposed initiative measure violates the one-subject-only rule of Article IV, section 1(2)(d), of the Oregon Constitution. Section 1(2)(d) provides:

"An initiative petition shall include the full text of the

---

[1] ORS 183.482(8) sets the scope of review for the Court of Appeals in challenges to orders in contested cases:

"(a)  The court may affirm, reverse or remand the order. If the court finds that the agency has erroneously interpreted a provision of law and that a correct interpretation compels a particular action, it shall:

"(A)  Set aside or modify the order; or

"(B)  Remand the case to the agency for further action under a correct interpretation of the provision of law.

"(b)  The court shall remand the order to the agency if it finds the agency's exercise of discretion to be:

"(A)  Outside the range of discretion delegated to the agency by law;

"(B)  Inconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency; or

"(C)  Otherwise in violation of a constitutional or statutory provision.

"(c)  The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record. Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding."

ORS 183.310(2)(a) provides:

" 'Contested case' means a proceeding before an agency:

"(A)  In which the individual legal rights, duties or privileges of specific parties are required by statute or Constitution to be determined only after an agency hearing at which such specific parties are entitled to appear and be heard;

"(B)  Where the agency has discretion to suspend or revoke a right or privilege of a person;

"(C)  For the suspension, revocation or refusal to renew or issue a license where the licensee or applicant for a license demands such hearing; or

"(D)  Where the agency by rule or order provides for hearings substantially of the character required by ORS 183.415, 183.425, 183.450, 183.460 and 183.470."

proposed law or amendment to the Constitution. A proposed law or amendment to the Constitution shall embrace one subject only and matters properly connected therewith."

In the companion case, petitioners sued the same defendants (the Secretary of State and Attorney General) and the measure's proponents, Ruth Bendl and Vernon White in circuit court pursuant to ORS 246.910(1), which provides:

"A person adversely affected by any act or failure to act by the Secretary of State or a county clerk under any election law, or by any order, rule, directive or instruction made by the Secretary of State or a county clerk under any election law, may appeal therefrom to the circuit court for the county in which the act or failure to act occurred or in which the order, rule, directive or instruction was made."

In addition to filing suit in circuit court under ORS 246.910(1), petitioners filed this action for judicial review under ORS 183.482 "to be sure the one-subject issue is properly raised in the eventuality that this Court ultimately determines that contested case review is the proper form of action."

Because petitioners' challenge to the Secretary of State's approval of the proposed initiative measure in circuit court under ORS 246.910 was proper and determinative of the issues in this case, any review under ORS 183.482 is moot. We express no opinion concerning whether review under ORS 183.482 would be proper.

The Court of Appeals is affirmed.