Argued and submitted June 13, affirmed September 17, 1997

Allen D. FECHTIG,
*Respondent,*

*v.*

CITY OF ALBANY,
*Respondent below,*

*and*

Duane DRUSHELLA,
*Petitioner.*

(LUBA No. 96-045; CA A97067)

946 P2d 290

James H. Bean argued the cause for petitioner. With him on the brief were Robin A. Jones and Lindsay, Hart, Neil & Weigler, LLP.

Garry P. McMurry argued the cause for respondent. With him on the brief was Garry P. McMurry & Assoc.

Before Deits, Chief Judge, and De Muniz and Armstrong, Judges.

DEITS, C. J.

## DEITS, C. J.

Petitioner Drushella seeks review of LUBA's denial of his petition to recover attorney fees from respondent Fechtig pursuant to ORS 197.830(14)(b). We affirm.

This case is factually related to and presents similar issues to those in *Fechtig v. City of Albany (A97764)*, 150 Or App 10, 946 P2d 280 (1997).[1] Our discussion here will assume the reader's familiarity with our opinion in that case, and we will avoid repetition to the extent possible. In *Fechtig I*, LUBA and we both held that (1) the attorney fees for which ORS 197.830(14)(b) provides are recoverable only if the presentation to LUBA by the party from whom they are sought lacks probable cause in *all* of its arguments and particulars; (2) to lack probable cause, a factual or legal assertion must be so devoid of merit that no reasonable lawyer could consider it to be even debatably correct or open to doubt.[2]

In *Fechtig I*, the city granted Drushella's application for a subdivision and, as part of that decision, it also approved a related grading and fill permit as complying with the provision of the city's land use regulations, Albany Municipal Code (AMC) 18.04.040, that applies to grading and fill operations in or near drainageways. The city's decision was made on November 29, 1995, and Fechtig appealed it to LUBA. Among other things, he contended that the city's decision was inconsistent with the provision regulating grading and filling in proximity to drainageways. On January 5, 1996, the city building division issued a fill permit to Drushella for the subdivision site. Fechtig filed a separate appeal to LUBA—*Fechtig II*—from that second city action.

---

[1] For ease of reference in this opinion, we will call the companion case "*Fechtig I*" and this case "*Fechtig II*." The issue before us in both cases is whether attorney fees under ORS 197.830(14)(b) are awardable against Fechtig. However, it will be necessary in this opinion for us to discuss the merits of Fechtig's underlying appeals to LUBA in the two cases, and to describe LUBA's dispositions on the merits as well as its rulings on the attorney fee petitions.

[2] As we also noted in *Fechtig I*, 150 Or App at 15 n 3, the test for whether a position is taken without probable cause is as our opinion there states it in its entirety. The synopses and shorthand descriptions of the test elsewhere in that opinion and in this one are intended only as a means of reference, not as substantive refinements.

LUBA's decision on the merits in *Fechtig II* explains the relationship of the two permit decisions:

"[T]he city's approval of the grade and fill aspects of [Drushella]'s proposed subdivision involved two separate steps. The city has adopted the regulations and procedures set forth in Appendix Chapter 70 of the Uniform Building Code (UBC) as the applicable standards for excavation and grading projects within the city. Accordingly, applications for grading permits are generally reviewed by the city building division for compliance with those standards, and fill permits are issued to applicants who demonstrate compliance with the UBC standards. However, the city has adopted additional criteria which apply to grading operations in 'drainageways.' Those criteria are set forth in Albany Municipal Code (AMC) 18.04.040[.]

"\* \* \* \* \*

"Because [Drushella's] proposed development calls for grade and fill operations in a drainageway and on land adjacent to a drainageway, the provisions of AMC 18.04.040 apply to [the] application."

LUBA then noted that the city's notice of its decision in *Fechtig I* stated, *inter alia*:

"(Only the part of the grading permit application pertaining to drainageways (Albany Municipal Code [18.04.040]) was approved. The remainder of the application is processed by the Building Division.)"

LUBA explained the effect on *Fechtig II* as being that the "building division was only responsible for ensuring that [Drushella's] application was in compliance with the generally applicable UBC standards for excavation and grading."

The two appeals proceeded before LUBA simultaneously. On August 1, 1996, LUBA decided *Fechtig I*. It reached the merits of Fechtig's arguments pertaining to the grading and fill issues, and affirmed the city's decision. Twelve days later, LUBA granted the city's motion to dismiss Fechtig's appeal in *Fechtig II*, on the ground that the building division's issuance of the permit was not a "land use decision" subject to LUBA's review. LUBA so concluded on the basis of ORS 197.015(10)(b)(A), which excludes from the definition of "land use decision" a local decision

> "made under land use standards which do not require inter-
> pretation or the exercise of policy or legal judgment."

LUBA reasoned that the UBC standards themselves are of that kind, and only they were involved in *Fechtig II*. LUBA explained further:

> "The only aspect of the grading permit authorization which required interpretation or the exercise of policy or legal judgment was the application of the AMC 18.04.040 criteria applicable to grading operations in drainageways. That analysis was undertaken by the city planning commission as part of the quasi-judicial process ultimately resulting in the [*Fechtig I*] decision by the city council. Petitioner cor-rectly appealed the decision to this Board in [*Fechtig I*], and may not challenge the same decision in this appeal."

Drushella then sought attorney fees under ORS 197.830(14)(b) in both appeals, and LUBA denied them in both. We have affirmed LUBA's denial in *Fechtig I*, and the only further point about that decision that requires mention is that it resolves all of the issues in the present case except whether Fechtig lacked probable cause for appealing to LUBA from the building division's issuance of the permit. Drushella asserts that he did, because:

> "In the present case, Mr. Fechtig had no probable cause in the first instance for bringing the appeal, both because LUBA had no jurisdiction of the permit appealed, and because any possible arguments on the merits already were at issue in another appeal brought by Mr. Fechtig concern-ing the land use decision on the same permit."

LUBA disagreed with Drushella and so do we.

■ The fact that LUBA lacked jurisdiction—which we assume it did for purposes of this opinion—of course does not mean that Fechtig lacked probable cause for asserting the contrary. *See Fechtig I*, 150 Or App at 13-14; *Broyles v. Estate of Brown*, 295 Or 795, 800-01, 671 P2d 94 (1983). Assuming that Drushella's point is that LUBA's lack of jurisdiction was so apparent that no reasonable lawyer could reasonably think otherwise, we disagree. We note initially that the question of whether a local decision is or is not a "ministerial" one that calls for no exercise of legal or policy judgment is not

invariably susceptible to a self-evident—let alone an undebatable—answer. To illustrate, in *Doughton v. Douglas County*, 82 Or App 444, 728 P2d 887 (1986), *rev den* 303 Or 74 (1987), we reversed LUBA's answer to the question under the generally similar statutory standard then in effect.

In the present situation, the question clearly was debatable. The city's procedures required it—at least by its lights—to bifurcate the process for allowing a single activity. There is no question that *some* action by the city in connection with the allowance of the activity entailed interpretation and the exercise of legal judgment and, as such, presented an issue that was subject to LUBA's review authority. It was not unreasonable on Fechtig's part to regard it as possible that the time for appeal of the reviewable issue was at the culmination of the process, *i.e.*, the issuance of the permit, instead of or in addition to the arguably interlocutory stage that the city had reached in its decision in *Fechtig I*.

■ We are also unpersuaded by Drushella's point that Fechtig's assertion of the same or similar contentions in *Fechtig I* that he sought to raise in *Fechtig II* evinces an absence of probable cause for bringing the latter appeal. There was legitimate reason for questioning which of the city's two actions was the final and appealable event with respect to the issues in question. Under the circumstances, it could be argued that no reasonable lawyer would *fail* to appeal both decisions, rather than gamble irrevocably on which one LUBA or the courts might find to be the appealable one. *See, e.g., OEA v. Roberts*, 301 Or 228, 721 P2d 833 (1986), and *OEA v. Roberts*, 301 Or 236, 721 P2d 837 (1986) (party pursued same essential remedy in two forums, under circumstances where either might arguably have been exclusive). Be that as it may, it cannot be said that no reasonable lawyer *would* cover both possibilities in the way that Fechtig did here.

LUBA did not err by denying the petition for attorney fees.

Affirmed.